Case 6:23-cv-00031   Document 6   Filed on 07/31/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-00031 |
| | § | |
| SABINE AISHA JULES, | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The undersigned United States magistrate judge recommends that this case be DISMISSED without prejudice for lack of subject matter jurisdiction and improper venue, among other reasons. Leave to amend should be denied.

### A. *Proceedings.*

Plaintiff filed an application to proceed *in forma pauperis* in this case on July 10, 2023. *See Emrit v. Jules*, No. 6:23-mc-00003 (S.D. Tex.) (the "MC case"). His application to proceed *in forma pauperis* was granted on July 12, 2023, *see id.*, Doc. No. 2, and his complaint was then docketed. (Doc. No. 1.)

### B. *Plaintiff's complaint.*

On his civil cover sheet, Plaintiff describes his claim as a "civil rights" matter, with jurisdiction based on diversity of citizenship. (Doc. No. 1-1.) He further states that his cause of action is "Freedom of association; right to privacy; Equal Protection; Federal Annulment Citing Stare Decisis (Loving v. Virginia)." *Id*.

The undersigned's review of Plaintiff's complaint, liberally construed, reveals that Plaintiff seeks an annulment of his previous marriage to Defendant Sabine Aisha Jules, because

he wants to re-marry without telling his Ukrainian wife-to-be (whom he states he has yet to select, from two possible choices) that he was previously married to a Haitian-American woman who was "not his type." (Doc. No. 1, pp. 5, 7, 8; *see also* MC case, Doc. No. 1, p. 5.)

Plaintiff asserts that he and Defendant divorced in 2006. (Doc. No. 1, p. 6.) He alleges that Defendant is a resident of Florida, and that he is a resident of both Florida and Maryland, spending half of each year in Florida and the other half in Maryland. *Id.* at 3. Plaintiff seeks an injunction "to establish a 'legal fiction' of selective amnesia in which both the plaintiff and the sole defendant can deny that know each other." *Id.* at 8.

Plaintiff candidly states that he is "forum shopping" his claim in several federal courts and acknowledges three courts that have dismissed his claims or transferred them to the Southern District of Florida. (Doc. No. 1, pp. 2, 4-5.) Indeed, as of this week, Plaintiff has filed at least 30 separate lawsuits, "many of them nearly identical, all naming Jules – plaintiff's ex-wife – as defendant, and generally accusing her of tortious interference with family relations. Of these cases, two were transferred, thirteen were dismissed prior to service, and fifteen are pending initial review." *Emrit v. Jules*, No. 4:23-cv-00908-MTS, 2023 WL 4706005, at *2 (E.D. Mo. July 24, 2023) (footnotes omitted).

### C. Legal standard.

An *in forma pauperis* proceeding may be dismissed *sua sponte* under § 1915(e)(2)(B) if "the action or appeal (i) is frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).  A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Additionally, a plaintiff's suit may be dismissed as frivolous pursuant to § 1915(e)(2)(B) if it makes factual allegations that are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 328).  A dismissal for frivolousness may occur at any time before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The factual allegations must raise the plaintiff's claim for relief above the level of mere

speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id*.

As Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *Pro se* status does not, however, offer a plaintiff "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### D. Discussion.

#### 1. Plaintiff's action should be dismissed because the Court lacks subject matter jurisdiction.

Here, liberally construed, Plaintiff's claim is one for injunctive relief seeking an annulment of his former marriage. His claim should be dismissed without prejudice because he fails to plausibly allege subject matter jurisdiction.

Plaintiff bears the burden of plausibly alleging a federal controversy. If he does not, then the Court lacks subject matter jurisdiction to decide his claims. *See Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). Dismissal of a complaint for lack of subject matter jurisdiction is proper when the claim is "'so … completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Brownback v. King*, __ U.S. __, 141 S. Ct. 740, 749 (2021) (internal quotation and citation omitted)). That circumstance occurs when the plaintiff does not "plausibly allege all jurisdictional elements." *See Brownback*, 141 S. Ct. at 749; *Ghedi*, 16 F.4th at 463. When subject matter jurisdiction over an action is lacking, a court is to dismiss that action without prejudice. *See Carver v. Atwood*, 18 F.4th 494, 488 (5th Cir. 2021).

Diversity jurisdiction does not exist in this case. Section 1332 of Title 28, United States Code, provides for subject matter jurisdiction where the parties are citizens of different states and where the amount in controversy exceeds $75,000. Here, it is by no means clear that Plaintiff and Defendant are citizens of different states: Plaintiff describes himself as a citizen or resident of both Florida and Maryland, while alleging that Defendant is a citizen of Florida. (Doc. No. 1, p. 3.) But even assuming that Plaintiff is a citizen of Maryland and not Florida, Plaintiff acknowledges that the amount in controversy "does not exceed $75,000 (i.e. $0 is less than $75,000) . . . ." (Doc. No. 1, p. 4.) Although Plaintiff insists that diversity subject matter jurisdiction nonetheless exists "on the grounds of diversity," *see id.*, his failure to allege a sufficient amount in controversy (or indeed any amount in controversy) eliminates § 1332 as a basis for jurisdiction in this case. *Cf. Emrit v. Jules*, No. 4:23CV3122, 2023 WL 4705744, at *2 (D. Neb. July 24, 2023).

Even if diversity jurisdiction existed, Plaintiff seeks a remedy – annulment – that federal courts cannot grant. Federal courts have no power to issue divorce, alimony, and child custody decrees. *See Escalante v. Lidge*, 34 F.4th 486, 490-91 (5th Cir. 2022); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Plaintiff suggests no authority that allows a federal court to grant an annulment of a marriage.

Nor does federal question jurisdiction exist in this case. Federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiff asserts without explanation that this case "involves a discussion" of several federal statutes and constitutional provisions, his complaint – construed to its very outermost limit – hints only at a state tort, for "interference with family relations." *Cf. Emrit v. Jules*, No. 2:23-cv-00453-JHE, 2023 WL 3480911, at *2 (N.D. Ala. Apr.

12, 2023) ("Although Emrit asserts that federal law may be *discussed* in the context of his claims, he does not provide any reason to believe that any of his claims 'turn on substantial questions of federal law' … or otherwise satisfy § 1331.") (citation omitted, emphasis in original); *Emrit v. Jules*, No. 3:23-1573-DCC-SVH, 2023 WL 4348862, at *2 (D.S.C. Apr. 27, 2023) ("Although Plaintiff mentions federal statutes, the claims he asserts are all state law claims."); *see* Doc. No. 1, pp. 6-7; *see generally* Doc. No. 1-1.  Plaintiff also fails to assert any facts in support of his allegations, and does not allege any actions taken by Defendant that could be construed as constituting a tort or any other legally cognizable claim.  His complaint therefore fails to plead sufficient factual matter that, accepted as true, would state a claim to relief that is plausible on its face.  *Cf. Iqbal*, 556 U.S. at 678; *Emrit v. Jules*, No. 23-CV-60014-RAR, 2023 WL 246845, at *2 (S.D. Fla. Jan. 18, 2023).  Because Plaintiff fails to plausibly allege a substantial federal question with respect to his effort to obtain a federal forum to annul his already-terminated Nevada marriage, subject matter jurisdiction is lacking, and Plaintiff's case should be dismissed.

### 2. Plaintiff's case should be dismissed because venue is improper.

Plaintiff's complaint contains no allegation reflecting any connection between this case and the Southern District of Texas.  Plaintiff does not allege that any act or event relating to this case occurred in this district.  Nor does he allege that either he or Defendant is a citizen or resident of Texas.

Title 28, United States Code, Section 1391(b), provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated;" or "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Here, Plaintiff makes no claim that Defendant resides in this district, so 28 U.S.C. § 1391(b)(1) does not apply. Plaintiff also makes no claim that any event or omission giving rise to any claim in this lawsuit occurred in this district, or that any property that is the subject of this lawsuit is situated in this district, so 28 U.S.C. § 1391(b)(2) does not apply, either. And § 1391(b)(3) does not apply because Plaintiff fails to plausibly claim that Defendant, whom he alleges is a resident of Florida, is subject to this Court's personal jurisdiction with respect to this action. *See also* 28 U.S.C. § 1391(c)(1). Therefore, venue is not proper in this district.

When a case is wrongly filed in a district because venue is improper, the district court "shall dismiss" the case. 28 U.S.C. § 1406(a). The district court may alternatively, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* The interests of justice would not be served by transferring this case. Plaintiff's suit is subject to dismissal on numerous grounds, and many other district courts have disposed of similar actions filed by Plaintiff on initial review. While it might be expedient to transfer this case to a different court, the undersigned concludes that the better course of action is to dismiss the case now for lack of jurisdiction and improper venue, and not to burden another court with this frivolous lawsuit and waste more judicial resources. *Cf. Emrit v. Jules*, 2023 WL 4705744, at *2 (dismissing case); *Emrit v. Jules*, 2023 WL 4706005, at *11 (same); *Emrit v. Jules*, No. 23-CV-0278-CVE-MTS, 2023 WL 4477242, at *3 (N.D. Okla. July 11, 2023) (same); *but see Emrit v. Jules*, No. 23-1208, 2023 WL 3434081, at *2 (E.D. La. Apr. 13, 2023) (transferring case to Southern District of Florida).

### 3. Plaintiff's case should be dismissed because it is malicious and abuses the judicial process.

*"But the short of the matter is that no one, rich or poor, is entitled to abuse the judicial process."*

- *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).

Plaintiff's case is subject to dismissal as a sanction for Plaintiff's abuse of the judicial process. Federal courts' implied powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Emrit v. Jules*, No. 4:23-cv-00008-WS-MAF, 2023 WL 2229022, at *3 (N.D. Fla. Jan. 20, 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Here, Plaintiff has filed at least 30 virtually identical lawsuits against Defendant in district courts all over the country. *See Emrit*, 2023 WL 4706005, at *2. He cavalierly admits that he is "'forum shopping' in several federal courts" to obtain the annulment he seeks. (Doc. No. 1, p. 2.) Plaintiff's conduct reflects a gross abuse of the judicial process, for which dismissal is appropriate.

Title 28 of the United States Code, section 1915(e)(2)(B)(i), requires a court to dismiss a complaint filed *in forma pauperis* if it is, among other things, malicious. In this circuit, a court may dismiss a complaint as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012). An action is duplicative or malicious if it involves the same series of events and alleges many of the same facts as an earlier suit. *See Bailey v. Johnson*, 946 F.2d 1019, 1021 (5th Cir. 1988).

This lawsuit amply satisfies the standard for maliciousness. As discussed, Plaintiff's lawsuit is plainly part of a "longstanding pattern of abusive and repetitious lawsuits." *Emrit v. Jules*, 2023 WL 4706005, at *11. Indeed, Plaintiff's claims replicate the allegations of at least 30 of his previous lawsuits filed in multiple districts. His claims in these cases arise from the

same series of events, and his allegations are comprised of many of the same facts as his earlier cases. All of these lawsuits name his ex-wife as a defendant, and it is difficult to envision a better (or worse) example of malicious litigation. The undersigned recommends a conclusion that Plaintiff's lawsuit be deemed malicious and dismissed.

This is Plaintiff's second frivolous lawsuit in this district. *See Emrit v. DeVos*, No. 2:20-cv-00052, Doc. No. 4 (S.D. Tex. Mar. 17, 2020) (Morales, J.). Plaintiff was previously warned that he could be subjected to sanctions, including filing restrictions, should he continue to file frivolous suits in this district. *Id.* at 2. Plaintiff is obviously undeterred by warnings from this Court or others. As recently noted by the Third Circuit, he has filed more than 500 lawsuits throughout the country. *Emrit v. Barkley*, No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023). Plaintiff has been found to be a vexatious litigant in multiple districts. *E.g.*, *Emrit v. Special Agent*, No. 1:22CV282-AW-HTC, 2022 WL 17824014, at *1 n.1 (N.D. Fla. Nov. 9, 2022)). Given Plaintiff's two frivolous cases in this district, and his hundreds of frivolous cases across the country, some of which he explicitly acknowledges in his current complaint, the undersigned recommends that Plaintiff be warned that any further frivolous filings in this district will result in sanctions, including filing restrictions.

### E.  *Leave to amend should be denied.*

Plaintiff should not be granted leave to amend his complaint in this case. In this circuit, a district court should not dismiss a pro se complaint without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pleaded his or her best case. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011).

Here, amendment would be futile, because Plaintiff's claims in this case are patently frivolous and because he fails to establish subject matter jurisdiction. Additionally, Plaintiff has

been deemed an abusive, vexatious litigant in other courts, and has been barred from filing new complaints in those courts unless certain conditions are met. *E.g.*, *Emrit v. University of Miami School of Law*, No. 23-21205, 2023 WL 2910903, at *2 (S.D. Fla. Mar. 29, 2023); *Emrit v. Trump*, No. 1:19cv018, 2019 WL 935028, at *1 (S.D. Ohio Feb. 26, 2019); *Emrit v. Simon*, No. 17-CV-4605, 2017 WL 11483905, at *1 (D. Minn. Dec. 8, 2017). Such designations independently provide a valid reason not to grant leave to amend in this case. *See Falkenhorst v. Sepolio*, No. 4:22-CV-1171, 2023 WL 2466398, at *4 (S.D. Tex. Feb. 21, 2023) (Sheldon, M.J.), *adopted*, 2023 WL 2465776 (S.D. Tex. Mar. 9, 2023); *see also Nix v. Major League Baseball, Off. of the Comm'r of Baseball*, No. 4:21-CV-4180, 2022 WL 2118986, at *19 (S.D. Tex. June 13, 2022) (Rosenthal, C.J.), *aff'd*, 62 F.4th 920 (5th Cir. 2023).

### F. Recommendations.

The undersigned recommends the following:

- Plaintiff's case should be DISMISSED without prejudice for lack of subject matter jurisdiction, for lack of venue, and for abuse of the judicial process and maliciousness.
- Leave to amend should be DENIED.
- Plaintiff should be WARNED that any further frivolous filings in this district will result in sanctions, including filing restrictions.

### G. Notice

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on July 31, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge